IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MILES EDWARDS,
        Petitioner

v.

JOHN YOST, WARDEN, F.C.I.
LORETTO,
        Respondent

Case No. 3:07-cv-57-KRG-KAP

## Report and Recommendation

### Recommendation

Petitioner filed a petition under 28 U.S.C.§ 2241 challenging the 30 year sentence imposed on him by a court-martial in 1994, on the grounds that the court which sentenced him lacked jurisdiction. I recommend that the petition be denied.

### Report

In 1994, petitioner was a private (E-1) in the United States Army stationed at Fort Huachuca, Arizona. On March 16, 1994, petitioner killed a civilian with single shot to the head from a 9mm semiautomatic pistol. The victim was a woman married to another soldier and had accompanied petitioner to his barracks room. According to petitioner's stipulation of facts and testimony at his guilty plea, petitioner shot her in the course of an argument after she stated she did not want to continue an adulterous relationship with petitioner. Respondent's Exhibit 1, docket no. 9-2 at 14-15 (Stipulation of Fact), docket no. 9-3 at 1-14 (Transcript of Guilty Plea Colloquy).

Petitioner was charged with murder in violation of Article 118 of the Uniform Code of Military Justice. (The UCMJ is

codified at 10 U.S.C.§ 801 et seq., thus Article 22 is 10 U.S.C.§ 822; Article 118 is 10 U.S.C.§ 918, and so on.) Respondent's Exhibit 1, docket no. 9-2 at 3 (Charge Sheet). No subsection of Article 118 was specified in the Charge Sheet, but a memorandum prepared by the staff Judge Advocate for the commanding officer referred to the maximum punishment as life imprisonment. Respondent's Exhibit 1, docket no. 9-2 at 7. Petitioner, represented by counsel, pleaded guilty to murder in violation of Article 118(2) in a single judge general court-martial convened under Article 22. The presiding judge sentenced petitioner to 30 years confinement, forfeiture of pay and allowances, and dishonorable discharge: in accordance with the plea agreement, the convening authority reduced petitioner's sentence by suspending all confinement in excess of 27½ years for a period of 13 years. Respondent's Exhibit 1, docket no. 9-4 at 18-19 (Transcript of Guilty Plea Colloquy); docket no. 9-4 at 38 (Action by Major General Stewart). Petitioner's legal challenges (attacking the effectiveness of trial counsel in not pursuing voluntary intoxication and other potential defenses) were rejected and direct appeal was completed by the end of 1996. In 2002, petitioner filed a petition for a writ of habeas corpus with the Army Court of Criminal Appeals, claiming that the court-martial lacked subject matter jurisdiction because he had been charged with a capital

offense and a single judge court-martial did not have jurisdiction over capital offenses. That claim was rejected.

In his petition for a writ of habeas corpus under 28 U.S.C.§ 2241, petitioner asserts three reasons why the court-martial which was convened in his case lacked subject matter jurisdiction: 1) he was charged with a capital offense and a single judge court-martial could not exercise jurisdiction over a capital case; 2) a single judge court-martial could not impose a sentence in excess of 10 years; and 3) it was not proved that the offense he committed occurred on property subject to court-martial jurisdiction.

Petitioner's first claim reasserts a claim presented to the military courts and was rejected after what appears to be full and fair consideration. The presentation of the claim frames the issue, not the length of the judicial opinion, and the fact that the military tribunals did not write opinions in support of their rejection of petitioner's claim does not mean their consideration was inadequate. This court does not have the power to revisit a claim fairly considered by a military court. See Burns v. Wilson, 346 U.S. 137, 140 (1953). But even de novo, petitioner's claim is meritless because it attacks the referral procedure for capital offenses: petitioner, despite his argument that the charge against him of murder under Article 118 was a capital charge, did not plead guilty to a capital offense. See Respondent's Exhibit 1, docket

3

no. 9-2 at 9-11 (Petitioner's Offer to Plead Guilty), Respondent's Exhibit 1, docket no. 9-2 at 14-15 (Stipulation of Fact). The language of petitioner's stipulation of fact and the testimony he gave at the plea colloquy exactly tracked the language of Article 118(2) unpremeditated murder, in its use of the phrase "with intent to kill or inflict great bodily harm," Respondent's Exhibit 1, docket no. 9-2 at 39, 49, docket no. 9-3 at 1-14, 21-22 (Transcript of Guilty Plea Colloquy), and unpremeditated murder in violation of Article 118(2) is not a capital crime. The capital murder provisions are at Article 118(1) and(4), and nowhere in the record, except in petitioner's pleadings, is there a reference to premeditated murder under Article 118(1).

Petitioner's second claim, that any sentence in excess of 10 years cannot be imposed by a single judge court-martial, is based on an argument as to the force of the language of Article 52, which I set out in full to provide context (the portion petitioner relies on is in bold):

(a)(1) No person may be convicted of an offense for which the death penalty is made mandatory by law, except by the concurrence of all the members of the court-martial present at the time the vote is taken.
(2) No person may be convicted of any other offense, except as provided in section 845(b) of this title (article 45(b) ) or by the concurrence of two-thirds of the members present at the time the vote is taken.

(b)(1) No person may be sentenced to suffer death, except by the concurrence of all the members of the court-martial present at the time the vote is taken and for an offense in this chapter expressly made punishable by death.

4

(2) **No person may be sentenced to life imprisonment or to confinement for more than ten years, except by the concurrence of three-fourths of the members present at the time the vote is taken.** (3) All other sentences shall be determined by the concurrence of two-thirds of the members present at the time the vote is taken.

(c) All other questions to be decided by the members of a general or special court-martial shall be determined by a majority vote, but a determination to reconsider a finding of guilty or to reconsider a sentence, with a view toward decreasing it, may be made by any lesser vote which indicates that the reconsideration is not opposed by the number of votes required for that finding or sentence. A tie vote on a challenge disqualifies the member challenged. A tie vote on a motion for a finding of not guilty or on a motion relating to the question of the accused's sanity is a determination against the accused. A tie vote on any other question is a determination in favor of the accused.

Petitioner argues that Article 52's language implies the need for a multi-judge court. That argument can be refuted on its own terms because Article 52 itself does not expressly require a multi-judge court-martial but only specifies the degree of consensus needed, and one judge is at least three-fourths of one judge.

More substantively, petitioner's argument looks to the wrong section of the UCMJ. Article 52 is in the subchapter governing trial procedure and refers to the degree of unanimity required for convictions and sentences. The subchapter setting out the jurisdiction of courts-martial begins with Article 16, which describes courts-martial as general, special, or summary. The general jurisdictional article is Article 17; Article 18 spells out the jurisdiction of the general court-martial, while Article 19 spells out the jurisdiction of the special court-martial, and Article 20 spells out the jurisdiction of the summary court-

5

martial. The jurisdictions of the courts-martial are defined in part by the punishment they can impose.

While only a general court-martial under Article 18 can impose a sentence of death or of imprisonment in excess of one year, Article 16 expressly permits a single judge court-martial for a general court-martial, if the accused so consents. Article 16 provides:

The three kinds of courts-martial in each of the armed forces are–

(1) general courts-martial, consisting of–
(A) a military judge and not less than five members or, in a case in which the accused may be sentenced to a penalty of death, the number of members determined under section 825a of this title (article 25a); or
(B) **only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves;**

(2) special courts-martial, consisting of–
(A) not less than three members; or
(B) a military judge and not less than three members; or
(C) only a military judge, if one has been detailed to the court, and the accused under the same conditions as those prescribed in clause (1)(B) so requests; and

3) summary courts-martial, consisting of one commissioned officer.

There is and could be no claim that petitioner did not knowingly consent to a single judge court-martial. See Respondent's Exhibit 1, docket no. 9-2 at 16 (Request for Trial before Military Judge Alone, DoD Form 1722), Respondent's Exhibit 1, docket no. 9-2 at 34-37 (Transcript of Plea Colloquy).

Petitioner's third claim, that the court-martial lacked jurisdiction because it was not proved that the United States accepted Fort Huachuca as a military base, misunderstands the concept of subject matter jurisdiction [1]. In United States v. Cotton, 535 U.S. 625 (2002), the Supreme Court reviewed the Court of Appeals for the Fourth Circuit's holding that the government's failure to set forth in an indictment or prove to the jury the quantity of cocaine the defendant Cotton allegedly possessed (standard practice in the pre-Apprendi era) deprived the court of subject matter jurisdiction. Because the Fourth Circuit understood these defects to be jurisdictional, it had ordered the district court to vacate Cotton's sentence, despite Cotton's failure to assert his claims in a timely manner. The Fourth Circuit's ruling would have been correct if the defects were in fact jurisdictional, because a challenge to the jurisdiction of a court can never be waived. The Supreme Court explained, however, that a subject matter jurisdiction claim attacks the court's power to hear a case,

---

1. Petitioner cites Article I, Section 8, Clause 17 of the Constitution, the District of Columbia Clause, as if it somehow limits court-martial jurisdiction outside the District. Congress' authority "to make rules for the government and regulation of the land and naval forces," Article I, Section 8, Clause 14, is the relevant clause. I address petitioner's claim above, but emphasize that the evidence that petitioner was on active duty provides an adequate basis for court-martial jurisdiction over him regardless of where the offense took place. See Solorio v. United States, 483 U.S. 435, 452 (1987)(There is no jurisdictional requirement that a court-martial offense be service connected so long as defendant is on active duty.)

and that a claim asserting procedural or factual defects in the exercise of that jurisdiction is a claim attacking the merits of the conviction which in the absence of timely objection can be examined only under Fed.R.Crim.P. 52(b)'s plain error rule. 535 U.S. at 630-31.

Applying <u>Cotton</u> to petitioner's arguments, petitioner's observation that no one proved Fort Huachuca was a military base does not raise a true challenge to the jurisdiction of the court-martial. It does not even present a proper claim that Fort Huachuca was not a military base. A habeas petitioner has the burden of proving that his custody violates federal law, and must cite, or at least describe, the specific facts that support his claims. See <u>Mayle v. Felix</u>, 545 U.S. 644, 655-56 (2005); <u>James v. Borg</u>, 24 F.3d 20 (9th Cir.1994); <u>Simms v. Carroll</u> 432 F.Supp.2d 443 (D.Del.2006). See also <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-09 (1997)(To obtain discovery under Rule 6 of Rules Governing 28 U.S.C.§ 2254 Cases, a petitioner must make specific allegations of fact.) Petitioner's petition points out that there can be metaphysical doubt about Fort Huachuca's status but does not describe any facts that call Fort Huachuca's status into question.

Even if that issue of fact were relevant to the jurisdiction of the court-martial, petitioner waived the issue of Fort Huachuca's status by entering a guilty plea. As the Supreme Court has stated:

8

A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.

United States v. Broce, 488 U.S. 563, 569 (1989). While Broce's exception for defects apparent "on the face of the record" no doubt includes challenges to subject matter jurisdiction, it does not include claims based on factual disputes that petitioner may belatedly wish. As the First Circuit explained, holding that a double jeopardy claim could be asserted under Broce:

In most instances, factual guilt is the only pertinent question and a guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. A guilty plea, however, does not bar a defendant from contending that the State may not convict him no matter how validly his factual guilt is established.

Jackson v. Coalter, 337 F.3d 74, 80 (1st Cir.2003)(internal citations and quotations omitted). In United States v. Garth, 188 F.3d 99 (3d Cir.1999), this circuit held that a petitioner could, despite his guilty plea to a charge of "use" of a firearm under 18 U.S.C.§ 924(c), assert a claim that he was actually innocent because the conduct he admitted in 1991 did not constitute "use" as later defined in Bailey v. United States, 516 U.S. 137 (1995). Garth implies that a petitioner can make legal arguments from facts

9

established at the guilty plea, but does not imply that a petitioner can go back and relitigate the facts.

Here, petitioner does not assert that he could not have been prosecuted by court-martial if Fort Huachuca were a military base, he asserts that Fort Huachuca may not in fact have been a military base. That is similar to a defendant who pleaded guilty to possessing powder cocaine later asserting that the substance may in fact have been powdered sugar. Because it is a factual dispute, not a jurisdictional claim apparent on the face of the record, it is waived by entry of a guilty plea.

The petition should be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: October 10, 2007

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Miles Edwards, Reg. No. 05229-000
    F.C.I. Loretto
    P.O. Box 1000
    Loretto, PA 15940